**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDSON GARDNER, LYNDA M.
KOZLOWICZ, MARY C. JENKINS,
MELVIN JENKINS, SR., and ROGER
KOCHAMPASAKEN, in re: Uinta
Corporate Charter, and
Tabequache/Uncompahgre Corporate
Charter,

      Plaintiffs - Appellants,

    v.

SALLY JEWELL,* U.S. Secretary of
the Interior,

      Respondent - Appellee.

No. 13-4095
(D.C. No. 2:11-CV-00719-BSJ)
(D. Utah)

---

**ORDER AND JUDGMENT**[**]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]Pursuant to Fed. R. App. P. 42(3)(c), as of April 12, 2013, Kenneth Salazar
is replaced by Sally Jewell as the Secretary of the U.S. Department of Interior.

[**]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioners and appellants, Edson Gardner, Lynda Kozlowicz, Mary C. Jenkins, Melvin Jenkins Sr. and Roger Kochampasaken, proceeding *pro se*, appeal an order dismissing without prejudice their action seeking issuance of a corporate charter. For the following reasons, we affirm the dismissal.

We take the following facts from the district court's Memorandum Opinion & Order dated March 27, 2013: On January 31, 2011, Mr. Gardner and Ms. Kozlowicz submitted a request to the Uinta and Ouray Agency of the Bureau of Indian Affairs (the "Agency"), seeking issuance of a corporate charter pursuant to 25 U.S.C. § 477, in the name of "Kozlowicz and Gardner Advocate, Inc." On February 3, 2011, they submitted another letter to the Agency requesting that it issue a "Uinta Corporate charter" pursuant to the same statute. On February 7, 2012, plaintiffs submitted a third letter to the Agency requesting an "Uncompahgre Indian Corporate Charter," as well as an amendment to the Ute Tribal Constitution to establish the Uinta Band as a separate, federally-recognized Indian tribe.

On February 9, 2011, the Agency Superintendent issued a letter denying each of their requests. First, the Agency denied the January 31, 2011, request because "Kozlowicz and Gardner Advocate, Inc." is not a federally-recognized Indian tribe and, therefore, cannot be granted a charter from the Secretary

pursuant to 25 U.S.C. § 477.  Second, the Agency denied the February 3, 2011, request because the "Uinta" Band is not a federally-recognized Indian tribe.  The Agency also denied the relief requested in the February 7, 2011, letter because (a) neither the tribal governing body [n]or a majority of the members of all three bands that comprise the Ute Indian Tribe had requested an election to amend the tribe's existing constitution, and the Agency cannot unilaterally impose such an election upon the Ute Indian Tribe; and (b) the Uncompahgre Band to which Plaintiffs referred in their letter has not become federally-recognized under 25 C.F.R. part 83, separate and apart from the Ute Indian Tribe, which precludes the Secretary from recognizing them as such for purposes of 25 U.S.C. § 477.

On March 8, 2011, Mr. Gardner and Ms. Kozlowicz filed appeals of the Agency's February 9, 2011, decisions with the Interior Board of Indian Appeals ("IBIA"), case nos. IBIA 11-088 &11-089.  On March 30, 2011, the IBIA dismissed the appeals because the plaintiffs had not first obtained a decision from the BIA's Regional Director, and it referred the matter to the Regional Director's office.

On October 31, 2011, the Regional Director reviewed and affirmed the Agency's February 9th decision.  Mr. Gardner and Ms. Kozlowicz then appealed the Regional Director's decision to the IBIA (case no, IBIA 12-044).  According to the Secretary, that appeal remains pending.

Meanwhile, two of the petitioners, Edson Gardner and Lynda Kozlowicz, commenced the instant action on August 8, 2011, in federal district court against the Secretary of the Interior (Kenneth Salazar), initially calling their action a petition for a writ of habeas corpus. After a December 7, 2011, motion for a change of venue (which was ultimately denied as moot), Mr. Gardner and Ms. Kozlowicz filed a motion on April 17, 2012, for relief in the nature of a writ of mandamus under 28 U.S.C. § 1361. This motion would require the Secretary to issue a federal corporate charter pursuant to Section 17 of the Indian Reorganization Act of 1934, 25 U.S.C. § 477, in the name of the "Uinta and Ouray Allottees Association."

The matter came before the district court for a hearing on April 25, 2012, at which time the court dismissed the action *sua sponte*, with leave to amend the pleadings within twenty days to allege facts showing the Indian tribal status of the entity for which a federal corporate charter was sought.

On May 4, 2012, Mr. Gardner and Ms. Kozlowicz, joined by the additional named plaintiffs, filed an Amended Complaint, setting forth their claim for relief compelling the issuance of the federal corporate charter, now styled as an action seeking judicial review of federal administrative action. This was followed by additional submissions concerning recognized Indian tribal status.

On July 26, 2012, the Secretary filed a motion to dismiss for lack of jurisdiction and failure to state a claim, accompanied by a supporting

memorandum.  On August 1, plaintiffs filed a memorandum in response, and on August 13, the Secretary filed a reply.  The motion to dismiss was calendared for a hearing on September 13, 2012, at which time the court heard argument and took the matter under advisement, awaiting plaintiffs' supplementation of the record with additional documents.  The parties submitted additional written materials.

The district court then considered and reviewed all the parties' written submissions  and the arguments made at the September 13th hearing.  The district court concluded that the plaintiffs seek judicial review of administrative rulings that are not "final agency action" within the meaning of the Administrative Procedure Act, 5 U.S.C. § § 701-706, and thus, the plaintiffs' request for a judicial remedy may be premature.[1]

The court initially concluded that, "[a]bsent a showing by the plaintiffs that the most recent appeal to the IBIA from the Regional Director's decision has been finally decided, their request for mandamus relief concerning the Secretary's denial of the requested corporate charters is not ripe for judicial review."  Mem. Op. & Order at 6.  The court then gave the plaintiffs twenty days in which to

---

[1]The APA provides that an agency action is "subject to judicial review" when it is either:  (1) "made reviewable by statute," or (2) a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Agency action is final if it marks "the consummation of the agency's decisionmaking process" and is "one by which rights or obligations have been determined, or from which legal consequences will flow."  Bennett v. Spear, 520 U.S. 154, 178 (1997) (internal quotation marks omitted).

submit proof in writing of the final disposition of their most recent appeal to the IBIA. Absent the submission of that information, the court held that the Secretary's motion to dismiss would be granted for lack of ripeness. The dismissal would be without prejudice.

When the parties failed to satisfy the court as to the status of any pending matter before the IBIA, the court dismissed the action without prejudice. This appeal followed.

We find that the district court's order correctly analyzed and disposed of the plaintiffs' claims. We accordingly affirm the district court for substantially the reasons stated in its orders.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge